CHARLES J. SCHUCK, Judge.
On March 8, 1941, while claimants were traveling along route 50 at Wolf Summit in Harrison county, West Virginia, in an Oldsmobile automobile, a snowplow being driven by a state road commission employee collided with the claimants’ automobile, causing injuries to the claimant Tessie Geimer and to the automobile, owned by M. N. Geimer. There were several inches of snow on the highway which was being removed by the snowplow in question. At the place where the accident happened there was a railroad crossing which, however, as the testimony shows, was covered by snow and not easily seen by the operator of the snowplow.
The testimony tends to show that the said operator was using the plow so that the blade thereof was very close to the surface of the highway, and while he no doubt intended to raise it when he came to the railroad intersection in question, he failed to do so and by reason thereof, the snowplow struck the railroad crossing, was thrown across the highway and directly in the path of claimants’ oncoming automobile. The snowplow could be seen by the claimants for a considerable distance, but the evidence shows that claimant M. N. Gei-mer operated his car within the speed limit and was on the right side of the highway, considering the direction in which he was traveling, and therefore, not guilty of any negligence. On the other hand, the evidence shows that the operator of the snowplow was an experienced driver who had never before had an accident and was seemingly a trusted employee in the operation of trucks and snowplows so far as his employment by the road commission was concerned.
The operator admits (record p. 175) that it was snowing on the evening of the accident, which happened somewhat after four o’clock in the afternoon; that there were three or four inches of packed snow on the road, and that he had *38 slowed up where he thought the railroad crossing was located. He further stated (record p. 175), “. . .but I guess I didn’t slow up in time . . . hit the crossing, slid, and came together just as Mr. Geimer was passing or starting to.” (Record p. 176). The operator also admits that he knew of the location of the railroad crossing and had passed there many times, and that the crossing was a good crossing and one of the smoothest in the county. (Record p. 177).
Considering the condition of the weather, the location of the railroad crossing, and the work in which the operator was engaged, it, of course, became his duty to take all necessary precautions when he reached the railroad crossing, in order that he might not collide with or inflict injuries to any persons using the opposite side of the highway. Under all of the attendant circumstances, it would seem that he should have stopped his snowplow before reaching the railroad crossing in order that he might not collide with claimants’ oncoming automobile, which he could plainly see at a distance before the said crossing was reached. Not having taken the necessary precautions, and having caused the collision by the operation of the snowplow without any fault on the part of the claimants, he, of course, was guilty of such negligence as, in our judgment, was the proximate cause of the accident.
Claimants’ automobile was considerably damaged, and claimant, M. N. Geimer, testified, (record p. 16) that it would require $395.56 to make the necessary repairs. It was a 1940 model and had been driven by the claimant M. N. Geimer for over a year previous to the time of the accident. Considering the age of the car and its previous operation, and applying the rule that the property damage in such cases is the difference between the value of the car immediately before and after the accident, we feel that the sum of three hundred and fifty dollars ($350.00) is proper and just for damages to the automobile in question, and we make an award accordingly. The testimony does not show any *39 injuries to the claimant M. N. Geimer personally, and he is making no claim for any in this matter.
The question then presented for the further consideration of the court is the damages to which the claimant Tessie Geimer may be entitled by reason of injuries to her.
By her testimony, she claims that she sustained severe head injuries; that she has been highly nervous since the accident; and that she has been unable to attend to her work as a housewife and also as one who helped her husband operate a certain barbecue stand or business located near Salem in Harrison county. The testimony further reveals that several years previous to the accident the claimant Tessie Geimer had had an accident in the city of Pittsburgh, Pennsylvania, having fallen on an icy pavement and sustained fractures of the tenth dorsal vertebra and of the coccyx. She was confined in a hospital by reason of the said accident, and was obliged to wear a cast and afterward a brace for more than a year after the time of the accident. On another occasion previous to the accident for which the claim is made here, she was also obliged to undergo an operation for the removal of a cyst on one of her ovaries.
Undoubtedly the accident in Pittsburgh as well as the ovary operation had their effects upon her nervous system and impaired her ability to do her work as a housewife and a helper to her husband to a very considerable degree. The witness Williams (record p.p. 126-30), who was a witness offered by the claimants, testified that in November 1940, she, Mrs. Geimer, seemed rundown, nervous, and her “back was aching”; and in answer to a question propounded to him with reference to her condition (record p. 132) said, “She was hardly able to do anything.” This, as indicated, was in the year 1940, several months before the accident in question happened to her, and the witness Williams is quite positive about the month and time in which he noticed her ''condition. Another witness, Katherine Garner, testified that she had worked with the claimant Tessie Geimer at what *40 was known as the Log Cabin Inn on route 50 for approximately two years, or from 1938 to 1940, sometime before this accident happened. This witness testified (record p. 167) that the claimant complained all the time; and that she complained about her back and being nervous; and that she complained often of this condition. This witness also testified that claimant was nervous. All of which seem to indicate that previous to the time of the accident for which she now seeks damages, she was in a highly nervous state and unable to perform the work which she had theretofore been doing.
The court had all the witnesses before it, noticed their actions and demeanors and we are inclined to give full value to the testimony of the witnesses just referred to; and while perhaps the accident on the highway occasioned by the collision with the snowplow would, of course, not be conducive to helping her physical condition, yet, so far as we know, the injuries not being serious, have not contributed very much to bringing about her present physical condition. There are no aggravating circumstances so far as the operator’s degree of negligence may have been concerned, and therefore, no damages as any punishment should be allowed.
Considering all the facts and the circumstances surrounding the happening of the accident, the previous physical condition of the claimant Tessie Geimer, and the nature and extent of the injuries inflicted by the accident complained of, we feel that the sum of two hundred and fifty dollars ($250.00) is an ample amount to compensate her for the damages caused by the collision with the snowplow, and we recommend an award accordingly.